# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| PAUL ROSADO, JR. | : | |
| | : | |
| Petitioner, | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 12-cv-715 |
| DANIEL BURNS,[1] SUPERINTENDENT | : | |
| SCI-FOREST, *et al.* | : | |
| | : | |
| Respondents. | : | |

## MEMORANDUM

YOHN, J.                                    November 20, 2012

Paul Rosado, Jr., a prisoner at the Forest State Correctional Institute in Marienville, Pennsylvania, filed a *pro se* writ of habeas corpus pursuant to 28 U.S.C. § 2254. Magistrate Judge Elizabeth T. Hey provided me with a Report and Recommendation ("R&R") that proposed that the petition be dismissed as untimely. Rosado then filed objections to the R&R. For the following reasons, Rosado's objections are overruled and the R&R is approved and adopted.

## I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On April 28, 2006, a jury from the Court of Common Pleas of Berks County returned unanimous verdicts convicting Rosado of first-degree murder, third-degree murder, two counts of aggravated assault, and possession of an instrument of a crime. *See Commonwealth v. Rosado*,

---

[1] Rosado originally named "Superintendent SCI-Forest" as the respondent in his federal habeas corpus petition. Daniel Burns is the superintendent of SCI-Forest, and therefore, the proper respondent in this case. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) ("[T]he proper respondent [in a habeas petition] is the warden of the facility where the prisoner is being held . . . .").

No. CP-06-CR-0001048-2005, Recordation of Jury Verdicts, at 2 (Berks Cnty. Ct. Com. Pl. Apr. 28, 2006). On June 7, 2006, the Honorable Thomas G. Parisi sentenced Rosado to life imprisonment for first-degree murder, and a consecutive term of imprisonment of three to twenty-four months for possession of an instrument of a crime. *See id.*, Life Sentence Order (Berks Cnty. Ct. Com. Pl. June 7, 2006). Rosado appealed his conviction to the Superior Court of Pennsylvania on June 13, 2006. *See id.*, Notice of Appeal (Berks Cnty. Ct. Com. Pl. June 13, 2006). In his appeal, Rosado claimed that the trial court erred in denying a motion to suppress statements made by Rosado to law enforcement officers, necessitating a new trial. Brief of Appellant at 5, *Commonwealth v. Rosado*, No. 1008 MDA 2006 (Pa. Super. Ct. Nov. 3, 2006). On May 16, 2007, the Superior Court of Pennsylvania determined that there was no possible prejudice to Rosado from the admission of the statements made to law enforcement officers and, therefore, affirmed the judgment of sentence. *See Commonwealth v. Rosado*, No. 1008 MDA 2006, at 7 (Pa. Super. Ct. May 16, 2007). Rosado did not petition for the allowance of an appeal to the Pennsylvania Supreme Court; hence, his conviction became final on June 15, 2007, when the time for discretionary review by the Pennsylvania Supreme Court expired. *See* 28 U.S.C. § 2244(d)(1)(A); Pa. R. App. P. 903(a); *see also Commonwealth v. Hutchins*, 760 A.2d 50, 54 (Pa. Super. Ct. 2000) ("[A] judgment of sentence becomes final at the conclusion of direct review or *the expiration of the time for seeking the review*.").

On October 6, 2011, Rosado filed a *pro se* petition in the Berks County Court of Common Pleas to collaterally attack his conviction pursuant to Pennsylvania's Post Conviction

Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. §§ 9541-9551.[2] Rosado then filed a request to withdraw his petition for post-conviction relief, claiming the court lacked jurisdiction. (Pet. for Writ of Habeas Corpus under 28 U.S.C. § 2254, at 7.) Judge Parisi granted Rosado's request on December 7, 2011, and gave him thirty days in which to file an amended petition. *See Commonwealth v. Rosado*, CP-06-CR-1048/2005, Order of Court (Berks Cnty. Ct. Com. Pl. Dec. 7, 2011). Rosado never filed an amended petition.

After withdrawing his petition from the Court of Common Pleas, Rosado filed a petition for writ of habeas corpus with the Supreme Court of Pennsylvania on December 11, 2011, pursuant to 42 Pa. Const. Stat. Ann. § 721(1). The Pennsylvania Supreme Court forwarded the petition to attorney Nicholas C. Stroumbakis, Rosado's trial counsel, pursuant to Pennsylvania Rule of Appellate Procedure 3304. *See Commonwealth v. Rosado*, No. 652 MT 2011, Notice Re: Pa RAP 3304 (Pa. Dec. 16, 2011). The Supreme Court stated that any further correspondence needed to be made through Stroumbakis, as Rosado was still on record as being represented by counsel. *See id*. Rosado did not file any subsequent petitions in Pennsylvania state court.

On February 4, 2012, Rosado filed a petition for writ of habeas corpus in the United

---

[2]The R&R correctly noted that Pennsylvania follows the "prisoner's mailbox rule," where a "PCRA petition is deemed filed on the date that the prisoner delivers it to the proper authority or prison mailbox . . . ." *Perry v. Diguglielmo*, 169 F. App'x 134, 135 n.3 (3d Cir. 2006) (citing *Commonwealth v. Little*, 716 A.2d 1287, 1288 (Pa. Super. Ct. 1998)). Following the reasoning contained in the R&R, because Rosado's petition is dated October 6, 2011, it is presumed that he gave the petition to a prison official that same day for mailing. Therefore, I concur that the PCRA petition was filed on October 6, 2011.

3

States District Court for the Eastern District of Pennsylvania under 28 U.S.C. § 2254.[3] In his petition, Rosado states five claims: (1) his simultaneous convictions for first- and third-degree murder violated the Double Jeopardy Clause; (2) his due process rights were violated by the jury returning inconsistent verdicts of first- and third-degree murder; (3) his due process rights were violated when the trial court gave erroneous and confusing jury instructions; (4) he received ineffective assistance of counsel because his attorney failed to challenge the Commonwealth's in-court identification of Rosado; and (5) he was denied access to the court system when the Pennsylvania Supreme Court did not process his petition for writ of habeas corpus, but instead forwarded the petition to Rosado's attorney of record. (Pet. For Writ of Habeas Corpus under 28 U.S.C. § 2254, at 2-4.) On March 5, 2012, I referred this case to the Honorable Elizabeth T. Hey, United States Magistrate Judge, for an R&R. On August 30, 2012, Judge Hey provided an R&R that recommended Rosado's petition be dismissed as untimely. Because Rosado filed objections to the R&R, I now review the magistrate judge's findings and recommendations de novo. *See* 28 U.S.C. § 636(b)(1).

## II.  DISCUSSION

Under 28 U.S.C. § 2244(d), a habeas petition must be filed within one year of the date on which the judgment of the state court became final "by the conclusion of direct review or the expiration of the time for seeking such review," barring some limited exceptions. 28 U.S.C. § 2244(d)(1)(A). One such exception exists where the one-year period is statutorily tolled during

---

[3]The R&R, again, correctly noted that federal courts also apply the "mailbox rule," and a prisoner's habeas petition is "deemed filed at the moment [the prisoner] delivers it to prison officials for mailing to district court." *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998). Rosado dated his petition February 4, 2012; therefore, I concur with the R&R that February 4, 2012, is the date of filing.

the pendency of a "properly filed application for State post-conviction" review. § 2244(d)(2). A second exception, known as equitable tolling, exists where a petitioner "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented untimely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (internal quotation marks omitted). Finally, some circuits have recognized an "actual innocence" exception to the statute of limitations, where the merits of a petitioner's case are heard despite an untimely filing because the petitioner makes a compelling showing that he is actually innocent of the crime of conviction. *See, e.g., Rivas v. Fisher*, 687 F.3d 514 (2d Cir. 2012); *Lee v. Lampert*, 653 F.3d 929 (9th Cir. 2011) (en banc); *San Martin v. McNeil*, 633 F.3d 1257 (11th Cir. 2011). The Third Circuit has not expressly adopted an "actual innocence" exception, *see Horning v. Lavan*, 197 F. App'x 90, 93 (3d Cir. 2006), but has stated that if it did, such an exception would require that the petitioner "show that he is, in fact, innocent." *Sistrunk v. Rozum*, 674 F.3d 181, 191 (3d Cir. 2012). The Third Circuit has stated that such a showing would require "the petitioner to demonstrate (1) new evidence (2) that is reliable and (3) so probative of innocence that no reasonable juror would have convicted the petitioner." *Id*. (citing *Schlup v. Delo*, 513 U.S. 298, 324 (1995)).

As previously mentioned, Rosado's conviction became final on June 15, 2007, when the time for discretionary review by the Pennsylvania Supreme Court expired. Accordingly, Rosado had until June 15, 2008, to file a federal habeas petition unless he met one of the tolling exceptions. Rosado filed his federal habeas petition on February 4, 2012, and as the magistrate judge correctly explained in the R&R, none of the tolling exceptions apply to Rosado's petition. Therefore, Rosado's federal habeas petition is time-barred, and the merits of the petition need not

5

be addressed.

In response to the magistrate's report, however, Rosado makes a series of objections. First, he claims that his petition is not untimely because he sought review by the Pennsylvania Supreme Court under 42 Pa. Cons. Stat. Ann § 721(1), which is not subject to a time limit. (Pet'r's Objections 5-6.) Second, Rosado states that the limitation period for his petition should be subject to a new start date under § 2244(d)(1)(B). In support of this contention, he argues that the Pennsylvania Supreme Court's forwarding of his petition to his prior counsel of record resulted in a state-created impediment to his filing of a timely application. (*Id*. at 7.) Third, Rosado argues that because no state court ruled that his habeas petitions were untimely, a federal court is precluded from making such a finding. (*Id*. at 8.) Fourth, Rosado argues that the magistrate judge was incorrect in her recommendation that he did not qualify for equitable tolling under an "actual innocence" exception. (*Id*. at 9-14.) Fifth, Rosado claims that a certificate of appealability should issue because reasonable jurists could debate whether the magistrate judge's recommendation that the petition be dismissed as untimely was correct. (*Id*. at 14-16.)

### A. Statutory Exceptions

Rosado's objections illustrate that he has a fundamental misunderstanding of the statutory exceptions. With respect to Rosado's statutory tolling arguments, in order for tolling under § 2244(d)(2) to apply, Rosado's PCRA petition would have had to have been filed with a Pennsylvania court by June 15, 2008. It was not. In fact, Rosado waited over three years from the finalization of his conviction before filing his first PCRA petition, which subsequently he withdrew. Rosado's right to file a PCRA petition expired on June 15, 2008. Likewise, absent some reason for tolling of the federal statute, his right to file a § 2254 petition expired on the

same date.[4]

Rosado relies heavily on the fact that he filed a petition for discretionary review with the Pennsylvania Supreme Court under 42 Pa. Cons. Stat. Ann. § 721(1) on December 11, 2011, arguing that the statute provides an additional avenue for collateral review of his petition. Furthermore, he claims that because that statute is without a time-limitation period, his petition cannot be deemed untimely. In support of this argument, Rosado points to the Supreme Court's decision in *Wall v. Kholi*, 131 S. Ct. 1278 (2011), which he claims provides him with relief from § 2254's statute of limitations. Rosado's reading of both section 721(1) and of *Kholi* is incorrect.

First, Rosado's right to seek state habeas expired on June 15, 2008. He cannot resurrect it by filing a section 721(1) petition in 2011. Pennsylvania law is clear that the PCRA is the "sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when [the PCRA] takes effect, including habeas corpus . . . ." 42 Pa. Cons. Stat. Ann. § 9542. Like the federal habeas statutes, the PCRA also requires that habeas petitions be submitted within one year of the judgment becoming final, barring analogous tolling exceptions. *See* § 9545(b). Contrary to Rosado's belief, section 721 does not provide a parallel avenue to collateral relief; section 721 only explains the circumstances under which the Pennsylvania Supreme Court maintains original jurisdiction, such as in cases of mandamus, quo warranto, and habeas corpus. *See Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999) ("[T]he PCRA subsumes the writ of habeas corpus with respect to remedies offered

---

[4] At the time Rosado filed his PCRA petition on October 6, 2011, the federal habeas limitations period had already run. It was not, therefore, "properly filed." And with respect to tolling, as stated in the R&R, an untimely PCRA petition does not toll the federal habeas statute of limitations period. *See Pace v. DiGuglielmo*, 544 U.S. 408 (2005); *Merritt v. Blaine*, 326 F.3d 157 (3d Cir. 2003).

under the PCRA. . . . [T]he writ continues to exist as an independent basis for relief only in cases in which there is no remedy under the PCRA.") Moreover, even if Rosado's petition were construed so as to fall under section 726—Pennsylvania's King's Bench provision, which provides the Supreme Court with extraordinary jurisdiction—it still would have been considered untimely because it was filed outside of the one-year period.[5] *See Satterfield v. Johnson*, 434 F.3d 185, 193 (3d Cir. 2006) (noting that prisoner's King's Bench petition, if construed as a petition for habeas corpus, failed because it was improperly filed under PCRA).

The issue before the Supreme Court in *Kholi* was whether a motion to reduce sentence under Rhode Island law served to statutorily toll the limitation period under 28 U.S.C. § 2244(d)(2). *See Kholi*, 131 S. Ct. at 1281. In answering that question, the Court defined "collateral review" as "judicial review of a judgment in a proceeding that is not part of direct review," *id*. at 1282, and in so defining, determined that a motion to reduce sentence qualified as collateral review so as to toll the limitation period. *See id*. Rosado claims that this holding supports his argument that a petition to the Pennsylvania Supreme Court under section 721 qualifies as collateral review, thus tolling the limitation period. In *Kholi*, however, the motion to reduce sentence was filed within the first year of the defendant's conviction becoming final,

---

[5]In *Satterfield v. Johnson*, the Third Circuit not only addressed a prisoner's King's Bench petition to the Pennsylvania Supreme Court as a habeas corpus petition, but also as an application for "extraordinary relief." 434 F.3d 185, 193 (2006). Section 726 states that "the Supreme Court may . . . assume plenary jurisdiction [over a matter] at any stage thereof and enter a final order or otherwise cause right and justice to be done," so long as the matter is "pending before any court or magisterial district judge of [the] Commonwealth." 42 Pa. Const. Stat. Ann. § 726. The court in *Satterfield* denied the prisoner's petition as an application for extraordinary relief because there was no "'pending' matter over which the Pennsylvania Supreme Court could exercise jurisdiction." *Satterfield*, 434 F.3d at 193. Similarly, there was no pending matter in this case at the time Rosado's petition was filed with the Pennsylvania Supreme Court; thus, Rosado's petition fails even as an application for extraordinary relief.

8

resulting in a timely filing. Rosado's petition, on the other hand, was filed almost four years after the conviction became final. Therefore, Rosado's comparison of his case to *Kholi* is completely inapposite.

Rosado's argument that a federal court is without grounds to hold his petition as untimely because no state court has held the same is also completely without merit. To begin, Rosado did not afford a state court an opportunity to rule on the timeliness of his petition because (1) he withdrew his petition under the PCRA from the Court of Common Pleas, and (2) his petition to the Pennsylvania Supreme Court under section 721(1) was rejected by that court because it was not filed through his counsel of record. Furthermore, Rosado's § 2254 petition was not timely filed in federal court under federal law. Under § 2244(d), Rosado had one year from the date that his conviction became final to file a habeas petition in federal court, absent tolling of the limitation period due to a pending state court petition. Within that first year, there was never a pending state court petition. Because Rosado's § 2254 petition does not fall under any of the federal statutory exceptions, and because he filed his federal petition almost four years after his conviction became final, the petition is untimely.[6]

### B. Equitable Tolling

In order for Rosado's petition to qualify for equitable tolling, he must show that "(1) he

---

[6] In his PCRA petition, Rosado argues that the state created an impediment to a timely filing by withholding the court transcript. This argument is unpersuasive. The R&R is correct in that Rosado did not need the court record to bring his claims; the improper jury instructions, defendant's counsel's failure to challenge the in-court identification, and the alleged violation of the Double Jeopardy Clause by way of incompatible convictions, would have become known to the defendant while sitting in court. Therefore, there was no impediment, and thus there is no new start date under § 2244(d)(1)(B).

has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 130 S. Ct. at 2562. "This conjunctive standard requires showing *both* elements before [permitting] tolling." *Sistrunk v. Rozum*, 674 F.3d 181, 190 (3d Cir. 2012). Here, Rosado has shown neither. Contrary to pursing his rights diligently, Rosado waited over four years before bringing a PCRA petition and a section 721(1) petition in state court, and almost five years before filing a habeas petition in federal court. Such a delay shows a lack of diligence. *See Pace*, 544 U.S. at 418-19 (holding that petitioner's filing of PCRA petition years after conviction showed lack of diligence).

In addition, Rosado has not shown that an extraordinary circumstance prevented his timely filing. The Third Circuit has stated that the "extraordinary circumstances" standard is a high one. *See Sistrunk*, 674 F.3d at 190. Rosado does not specifically identify the extraordinary circumstance that prevented him from timely filing, but nothing in his petition would meet that standard. His apparent misunderstanding of the law—that a PCRA petition would revive the limitations period for a federal petition—would not qualify as an extraordinary circumstance. *See Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001) ("In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling."). The argument advanced in his PCRA petition, that the state created an impediment to a timely filing because it delayed in sending him a copy of the trial transcript, also does not help Rosado, especially in light of the fact that he has made no showing that the delay was due to any other reason than a tardy request on his behalf. Accordingly, equitable tolling is not warranted.

C.  **Actual Innocence**

Rosado argues that, even if untimely, the court should entertain the merits of his petition because, based on new evidence, he is "actually innocent." To make a viable claim of actual innocence, a petitioner must show "(1) new evidence, (2) that is reliable and (3) so probative of innocence that no reasonable juror would have convicted the petitioner." *Sistrunk*, 674 F.3d at 191 (citing *Schlup*, 513 U.S. at 324). "All three *Schlup* factors are necessary for [a petitioner] to prevail." *Id*. Even a successful showing of all three factors, however, would not necessarily benefit a petitioner, for the Third Circuit has not expressly adopted the contention that actual innocence permits equitable tolling. *See id*. In *Sistrunk*, the Third Circuit noted that it did not need to decide whether actual innocence would allow for equitable tolling because the petitioner could not "show that he [was], in fact, innocent." *Id.* at 191 & n.7. Similarly, neither has Rosado.

Rosado's claims of confusing jury instructions, ineffective assistance of counsel, and a denial to the court system, do not serve as a valid basis for an actual innocence claim. Those arguments suggest that Rosado is legally innocent. An actual innocence claim requires a petitioner to be factually innocent. *See Bousley v. United States*, 532 U.S. 614, 623 (1998) ("[A]ctual innocence' means factual innocence, not mere legal insufficiency."); *Schlup v. Delo*, 513 U.S. 298, 327 (1995) ("[T]he petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence.").

Rosado's claim of exonerating new evidence also fails. Rosado's "new evidence" is a letter from a private investigator that summarizes an interview with Anna Rivers, who is a friend

11

of the victim's girlfriend, Carrie Ramsey.[7] This letter fails to meet the *Schlup* standard. First, the evidence is not "new"; Rosado would have known at trial that he had been improperly identified when Ramsey made her alleged misidentification. *See Sistrunk*, 674 F.3d at 188-89 ("Evidence becomes 'known' on 'the date on which the factual predicate of the claim or claims presented could have been discovered through reasonable diligence.'"). Second, the reliability of the letter is questionable at best, for it is all hearsay. Third, the letter is not "so probative of innocence that no reasonable juror would have convicted the petitioner." *Id*. at 191. In fact, it is more likely that the letter lacks any suggestion of innocence at all. In Rivera's discussion with the private investigator, she merely states that Ramsey "does tell stories and is very difficult to believe." (Pet'r's Ex. 1.) At most this statement is general character evidence of a witness; it does nothing to undercut Ramsey's in-court identification of Rosado. For these reasons, Rosado's claim of actual innocence fails.

**D.     Certificate of Appealability**

Finally, Rosado objects to the magistrate judge's recommendation that a certificate of appealability is unwarranted. Rosado's objection is without merit. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal [is]

---

[7]Rosado's claim of new evidence is supported only by an unsigned letter from Schade Investigative Services LLC to his attorney, dated September 13, 2005, about an interview he conducted with Anna Rivera, a friend of Carrie Ramsey, who was an eyewitness who identified Rosado as the perpetrator at the trial. The only potentially impeaching evidence in the statement, which the investigator says he obtained from Rivera, is Rivera's statement that Ramsey "does tell stories and is very difficult to believe."

warranted." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is a plain procedural bar: Rosado's untimely filing. Therefore, no certificate of appealability should issue.

## III. CONCLUSION

For the foregoing reasons, Rosado's habeas corpus petition is dismissed with prejudice. An appropriate order follows.